KUSKIN, J.T.C.
Plaintiff, RCN Telecom Services, Inc. (“RCN”), purchased items of apparatus and equipment for use in its business of providing cable television program services to subscribers. Defendant, Director of the New Jersey Division of Taxation (“Director”), assessed sales and use tax in connection with the purchases pursuant to the New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-1 to -29 (the “Act”). RCN appealed the assessment and has moved for summary judgment vacating the assessment on the grounds that the purchases were exempt from tax. The Director has cross-moved for summary judgment dismissing the appeal and sustaining the assessment. For the reasons set forth below, I grant RCN’s motion as to some items, grant the Director’s motion as to some items, and deny both motions as to others.
*523 The basis for RCN’s exemption claim is N.J.S.A. 54:32B-8.13, which provides in relevant part as follows:
Receipts from the following are exempt from the tax imposed under the Sales and Use Tax Act:
c. Sales of . . machinery, equipment or apparatus ... to a service provider subject to the jurisdiction of the Board of Public Utilities or the Federal Communications Commission, for use directly and primarily in receiving at destination or initiating, transmitting and switching . . interactive telecommunications service for sale to the general public;
e. Sales of machinery, apparatus or equipment, including transponders, earth stations, microwave dishes, transmitters and receivers which have a useful life exceeding one year, ... to a provider of cable/satellite television program services who may or may not operate under a broadcasting license issued by the Federal Communications Commission for use or consumption directly and primarily in the ... transmission of radio or television information transmitted, delivered or archived through any medium or method.
The exemptions granted under this section shall not be construed to apply to sales, otherwise taxable, of machinery, equipment or apparatus whose use is incidental to the activities described in subsections ... c . . and e of this section.
The exemptions granted in this section shall not apply to energy, motor vehicles, or to parts with a useful life of one year or less or tools or supplies used in connection with the machinery, equipment or apparatus described in this section. [N.J.S.A. 64:3215-8.13.]
The parties have reached agreement as to whether some of the items initially in dispute qualified for exemption under N.J.S.A 54:32B-8.13(c) and (e). The items remaining in dispute are the following (each of which will be described in more detail below): under Paragraph (c) — cable modems; under Paragraph (e) — set top boxes, monitoring devices, pedestal housings, grade level boxes, and power supply units. The Director does not dispute that these items constitute equipment or apparatus under the statute, but contends that none were used “directly and primarily” as required by Paragraphs (c) and (e), respectively. Determining whether any item qualifies for exemption, therefore, requires an analysis of the function and use of the item, and an interpretation of the statutory phrase “directly and primarily.”
In interpreting a statute in the context of a claim for exemption, a court should apply the following general principles. *524 First, exemptions are to be construed narrowly, Metpath, Inc. v. Director, Div. of Taxation, 96 N.J. 147, 152, 474 A.2d 1065 (1984), but the interpretation should not distort the statutory language. Boys’ Club of Clifton, Inc. v. Jefferson Tp., 72 N.J. 389, 398, 371 A.2d 22 (1977). Second, the taxpayer has the burden of establishing that it qualifies for the exemption it seeks. Metpath, supra, 96 N.J. at 153, 474 A.2d 1065. Third, under the Act, sales and use tax presumptively is payable. N.J.S.A. 54:32B-12(b). Fourth, the Director’s assessment is presumptively correct. Atlantic City Transp. Co. v. Director, Div. of Taxation, 12 N.J. 130, 146, 95 A.2d 895 (1953); H.J. Bradley, Inc. v. Director, Div. of Taxation, 4 N.J.Tax 213, 229 (Tax 1982).
In light of these general principles, I interpret the phrase “directly and primarily” in N.J.S.A. 54:32B-8.13(e) and (e) as limiting the exemption provided by these paragraphs to purchases of apparatus or equipment used only for receiving or transmitting interactive telecommunications service or for the transmission of television information. Apparatus or equipment not so used, even if essential or necessary for, or integral to, the operation of a cable television system and service, will not qualify for exemption. This interpretation derives support from the last two paragraphs of N.J.S.A. 54:32B-8.13. The next to last paragraph, as quoted above, excludes from exemption sales of apparatus or equipment used in a manner “incidental” to the activities described in Paragraphs (c) and (e). Thus, even if the “incidental” equipment is necessary and essential for, and integral to, those activities, the exemption is not applicable. Similarly, the last paragraph of the statute excludes from exemption energy, tools and supplies that also may be necessary and essential for, and integral to, the activities described in Paragraphs (c) and (e).
I will apply the preceding interpretation first to the items for which RCN seeks exemption under N.J.S.A. 54:32B-8.13(e). A set top box, as described in certifications of RCN’s Vice-President of Network Engineering and Network Costs,[2] is:
*525 A device with a useful life greater than one year that connects to a television and some external source of signal and turns the signal into content that is displayed on the screen. A device that resides in a customer location and is used as an interface between the cable system network and the customer’s television. Set-top boxes are used to decode or decrypt encoded or encrypted video content so that the consumer can view the content when authorized. Set-top boxes also allow access to video on-demand programming, allow for the implementation of parental controls and allow for the viewing of digital content on analog TV sets, among other things.
The Director argues that set top boxes are not necessary or essential for, or integral to, the transmission of cable signals because RCN’s subscribers can obtain basic cable service without the use of set top boxes. As discussed above, the test for exemption qualification under Paragraph (e) of the statute is not whether the apparatus or equipment is necessary or essential lor, or integral to, the functioning of a cable television system but whether the apparatus or equipment is used or consumed “directly and primarily in the ... transmission of ... television information ... through any medium or method.” I conclude that set top boxes, when used, are used directly and primarily in the transmission of cable television signals. Even if basic cable service is available without set top boxes, the boxes function only for the purpose of permitting the cable subscriber to receive video on demand, implement parental controls, or receive premium programming from the cable provider. The motion papers demonstrate no other function for the boxes. They are, therefore, used directly and primarily for the transmission of television information and qualify for exemption.
Monitoring devices are “used to observe the operating state of various components in the cable television distribution network including power supplies and the state of reserve batteries used in transmitting cable television information.” As so described, these devices are not used “directly and primarily” for the transmission of television information and do not qualify for exemption.
Pedestal housings and grade level boxes also do not qualify for exemption. A pedestal housing is “an apparatus, with a useful life greater than one year, that encloses and houses taps, which are access points where a cable drop connects to customer service *526 lines. This apparatus is necessary to protect the equipment transmitting the cable television information and to prevent disruption in cable television service.” A grade level box is:
An apparatus, with a useful life greater than one year, that protects and provides housing for taps (where a cable drop connects to service line) and other electronic equipment used in the transmission of cable television signals and information. These protective containers, which are often made of concrete or steel, are necessary to protect the transmission and cable television information and to prevent disruptions in cable television service.
As the descriptions indicate, these two items of equipment are similar in function. I accept the assertion by RCN’s vice-president that the items provide essential protection for certain items of cable transmission equipment. However, they are not used directly and primarily in the transmission of cable signals, and, therefore, they do not qualify for exemption.
The power supply units in issue, as described by RCN’s vice-president, are “equipment, with a useful life greater than one year, that provides an indispensable power supply for nodes and amplifiers in a cable television network.” The devices contain a back-up battery that functions in the event of an interruption of service provided by the electric utility company. The Director has submitted two certifications describing the function of the power supply units as limited to providing back-up power. The opposing certifications create a factual issue as to the function of the power supply units. An additional factual issue results from the omission from the motion papers of any description of the method of connection between the power supply units and the nodes and amplifiers. How the units are connected could affect whether the units are used directly and primarily for the transmission of cable signals. Because of these unresolved factual issues, I deny both RCN’s motion and the Director’s cross-motion for summary judgment as to the power supply units.
Remaining for discussion are cable modems as to which RCN seeks exemption under N.J.S.A. 54:32B-8.13(e). A cable modem is
A device, with a useful life greater than one year, that provides access to a data signal sent over the cable television infrastructure. Cable modems are primarily used to deliver broadband Internet access, taking advantage of unused bandwidth *527 on a cable television network. A cable modem is a type of customer premise equipment that is used as a point of interface between the cable system network and the customer’s data equipment, typically a PC. Cable modems are primarily used to deliver broadband Internet access via the cable television network.
The Director has not challenged this description. T note, however, that RCN’s vice-president has used the adverb “primarily” only in his description of cable modems and not in his descriptions of the other items of apparatus and equipment discussed above. He has provided no indication or description of the “non-primary” use or uses of the modems nor has he described the relative extent of the primary use and the secondary use or uses. The statute uses the term “primarily” as part of the phrase “directly and primarily,” but whether RCN’s use of the cable modems satisfies the statutory standard for exemption cannot be determined based on the motion papers. Consequently, a genuine issue of material fact exists with respect to the function and use of the cable modems.
In summary, I conclude that, under N.J.S.A. 54:32B-8.13(c) and (e), RCN’s purchases of set top boxes are exempt from sales and use tax, that its purchases of monitoring devices, pedestal housings and grade level boxes are not exempt, and that genuine issues of material fact, as contemplated by R. 4:46-2(c), exist as to whether its purchases of power supply units and cable modems qualified for exemption. Therefore, I grant RCN’s motion for summary judgment as to the set top boxes and deny the Director’s motion. I grant the Director’s motion for summary judgment as to the monitoring devices, pedestal housings, and grade level boxes, and deny RCN’s motion. I deny both RCN’s motion and the Director’s cross-motion as to the power supply units and the cable modems.

 The descriptions of the other items discussed below are derived from the same certifications.